Zachary R. E. Rusk
10655 South 2700 West
South Jordan Utah 84095
zach.rusk@gmail.com
801.244.7798

FILED
U.S. DISTRICT COURT
2016 OCT 17 D 3: 31
DISTRICT OF UTAH
BY'S
DEPUTY CLERK

RECEIVED CLERK
SEP 2 0 2016
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

---

ZACHARY R. E. RUSK,

Plaintiff,

v.

Paul Warner

        Defendants.

COMPLAINT

Case: 2:16cv00976
Assigned To : Stewart, Ted
Assign. Date : 9/20/2016
Description: Rusk v. Warner

---

Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

II. Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the First, Fifth, Eighth, Ninth and Fourteenth Amendments of the federal Constitution, by the defendant under color of law in his capacity as a judge in the Federal Court for the District of Utah Central Division.

Plaintiff brings this action against Paul Warner, a federal judicial officer, pursuant to Title 28 U.S. Code § 1331, in claims arising from violations of federal constitutional rights guaranteed in the the First, Fifth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution and redressable pursuant to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971)."

III.Plaintiff Zachary R. E. Rusk is a natural person residing at 10655 South 2700 West South Jordan Utah 84095.

IV.Defendant is a Judge presiding at a UNITED STATES DISTRICT COURT:

DISTRICT OF UTAH

351 South West Temple, Rm. 1.100

Salt Lake City, Utah 84101

(801) 524-6100

Title 42 U.S. Code § 1983 reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The burden of proof is upon the plaintiff to show that the defendant judge acted unconstitutionally or outside of his/her jurisdiction. If the judge engaged in an egregious discrimination against males in a divorce court, minorities in state criminal cases, members of an unpopular religious group in confrontation with government authorities and treated suspiciously

in court or members of a "fringe" political group, these situations can give rise to a claim of denial of equal protection under the Fourteenth Amendment.

If a judge permits an ex parte attachment, i.e. seizure of real estate without giving you notice of a hearing in a state court proceeding, this is a deprivation of property without due process, violating the Fifth Amendment as well as the Fourteenth Amendment.

Ex parte restraining orders forcing men or women out of their homes based on abuse allegations in state courts are a primary and rampant example of violations of constitutional rights today, and certainly actionable in federal court.

The first ten amendments of the Bill of Rights are self explanatory. Violations of any of the rights described in these amendments give rise to causes of action, both against state judges under Title 42 U.S.C. § 1983 and arguably against federal judges in Bivens actions.

Although it is almost impossible to recover monetary damages from a judge (unless you can prove he or she acted ultra-vires beyond his or her legal jurisdiction) it is in fact possible to obtain relief in equity against a judge through civil rights actions. Equitable relief includes:

a. declaratory relief - (rulings by another judge in the form of opinions establishing the constitutionality or lack of constitutionality of another judges actions.)

As a general rule, however, judges cannot be held liable for money damages for acts done in the exercise of his judicial function, within the limits of his jurisdiction, no matter how erroneous, illegal or malicious his acts may be. (48A Corpus Juris Secundum §86) A minority of decisions have held that if an inferior judge acts maliciously or corruptly he may incur liability. Kalb v. Luce, 291 N.W. 841, 234, WISC 509.

Federal Civil Rights statutes, and possibly Bivens actions, appear to offer the best path for redressing constitutional grievances with state and federal judges, respectively, in Federal Court. As a practical matter, such cases will usually be brought by pro se litigants. Neither the politics nor economics of law practice permits lawyers to pursue such cases nor makes them affordable except to a small elite of citizens.

However, lawyers who do successfully sue state judges in federal court in Title 42 U.S. Code § 1983 cases can recover attorney's fees from judicial defendants provided they can show time sheets kept contemporane ously with their work.

One may sue a judge for non-judicial acts. Non-judicial acts are those acts which are not normally performed by a judge. Some acts which have been found "non-judicial" include: making repeated racially-charged comments about a party with the hopes of getting people, including the party's attorney, to distance themselves from the party
making repeated derogatory comments to the media about a party

trying to get a party fired from his or her job

physically assaulting one of the parties in the courtroom

   . 1) Paul Warner has been the presiding judge over the case of Rusk v FBS.

   . 2) Paul Warner can be seen to have made derogatory defamatory statements impeding on Mr Rusks' right for due process that can be seen as having caused Mr Rusk severe punitive and compensatory damages for which can be seen as also very detrimental to the public interests at large.

   . 3) The following exhibits include a judicial complaint, petition for review by the judicial counsel, motion for writ of memorandum, among a plethora of other evidence and alternatives to attempt to help Mr Warner make more appropriate decisions in sync with constitution rights vs constitutional violations after constitution violations for bringing forth strong claims of title VII and ADA discrimination and retaliation, after reprisal for engaging in protected activities, aside from the very damaging deflation of character for which Mr Warner engaged in by way of using the public docket to also do so, intentionally, willfully, and in callous disregard to the rights of Mr Rusk and in violation with a number of laws itself.

**Prayer for relief:**

Wherefore plaintiff prays this Court issue equitable relief as follows:

Issue injunctive relief commanding defendant to censure Paul Warner, order Mr Warner to stop discriminating and retaliating against any group of any protected class, especially that of Mr Rusks, which includes us with disabilities, non-Mormon/LDS history (whether having ever been active or not), LGBT, not to exclude woman, people of color, people of different national origin or demographic backgrounds, veterans, etc.

Issue declaratory relief as this Court deems appropriate just.

Issue other relief as this Court deems appropriate and just.

Award plaintiff his costs of litigation.

Respectfully submitted,

9-20-16

/s/ Zachary. R. E. Rusk
10655 S 2700 W
South Jordan Utah 84095
801.244.7798